ORIGINAL

FILED
OCT 18 2007
U.S. COURT OF FEDERAL CLAIMS

UNITED STATES COURT OF FEDERAL CLAIMS

1. MARIA L. GILBERT

2. BRIAN R. RUCKER

Plaintiffs,

v.

UNITED STATES OF AMERICA,

Defendant.

CASE NO. 07-731 C
COMPLAINT

**COMPLAINT**

**I. INTRODUCTION**

1. This civil action is brought on behalf of plaintiffs Maria L. Gilbert and Brian R. Rucker, who are employed presently by the Department of Justice ("DOJ" hereinafter), Drug Enforcement Administration ("DEA"), as Diversion Investigators. They seek to recover from defendant back pay, liquidated damages, interest, attorney's fees and costs pursuant to the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201, et seq., (hereinafter "FLSA").

**II. JURISDICTION**

2. This Court has jurisdiction over plaintiffs' claims pursuant to 5 U.S.C. § 5596 and § 8715, 28 U.S.C. § 1346(a)(2), 28 U.S.C. § 1361, 28 U.S.C. § 1491, 28 U.S.C. §§ 2501, 2516 and 2517 and 29 U.S.C. § 216(b).

**III. THE PARTIES**

3. The individual plaintiffs identified in the caption of plaintiffs' Complaint, and other persons similarly situated, are all present or former employees of the defendant within the meaning of § 3(e) of FLSA, 29 U.S.C. § 203(e), and 5 U.S.C. § 2105.

4. Attached to plaintiffs' Complaint are plaintiffs' signed individual consents to be included as party to this action.

5. The individual plaintiffs and others similarly situated are or have been employed by defendant during pay periods from 2004 to date.

**IV. GENERAL ALLEGATIONS**

6. Defendant and its officers and agencies are responsible under the United States Constitution, Federal law and regulations for the establishment and administration of personnel, employment and compensation policies and practices and for applying to the plaintiffs and others similarly situated the provisions of the FLSA and other applicable federal pay and compensation statutes and regulations.

7. As is more fully set forth below, the defendant and its officers and agencies wilfully have violated, and continue wilfully to violate, the provisions of the FLSA and the leave, holiday and premium pay provisions of Title 5 of the U.S. Code by wrongfully and wilfully failing and refusing to provide the plaintiffs and other employees similarly situated with pay and benefits due them under the FLSA and 5 U.S.C. §§ 5542, 5543, 5545, 5546, 6103, 6303, 6307, 6322 and 6323 and implementing regulations of defendant.

8. Since at least 2004, while plaintiffs have been employed by defendant at grade levels including but not limited to GS-9 - GS-13, defendant has considered plaintiffs as being "FLSA exempt" and has not accorded plaintiffs the rights to which FLSA non-exempt employees of defendant are entitled.

9. Since at least 2004, while plaintiffs occupied positions in grade levels including but not limited to GS-9 - GS-13 as alleged in paragraph 9 above, plaintiffs were not employed by defendant in an exempt capacity within the meaning of 29 U.S.C. § 213(a)(1).

10. Since at least 2004, while plaintiffs were employed by defendant they were FLSA non-exempt since they were not salaried employees within the meaning of 29 U.S.C. § 213(a)(1) and 29 C.F.R. §§ 541.1, 541.2 and 541.3.

**V. COUNT ONE**

11. Plaintiffs incorporates by reference herein the allegations contained in paragraphs 1 through 10 above.

12. Defendant and its officers and agencies have at least from 2004 and continuing to date wrongfully and wilfully denied plaintiffs and others similarly situated coverage under FLSA and have wrongfully and wilfully withheld overtime compensation due plaintiffs and others similarly situated by failing and refusing to pay them in accordance with FLSA for hours worked in excess of forty each week. Such overtime hours include but are not limited to hours during which defendant and its officers and agents directed and/or suffered or permitted plaintiffs to work without paying them any compensation

whatsoever, including travel, training and other work performed by plaintiffs on defendant's behalf.

**VI. COUNT TWO**

13. Plaintiffs incorporates herein by reference the allegations contained in paragraphs 1 through 12 above.

14. From at least 2004 and continuing to date defendant has wrongfully and wilfully denied plaintiffs and others similarly situated coverage under FLSA and has wrongfully and wilfully withheld overtime compensation due such plaintiffs and others similarly situated by failing and refusing to pay them in accordance with FLSA for hours worked in excess of forty each week, and otherwise depriving them of overtime compensation to which they were entitled under FLSA, or otherwise.

**VII. COUNT THREE**

15. Plaintiffs incorporates herein by reference the allegations contained in paragraphs 1 through 14 above.

16. From at least 2004 and continuing to date defendant has wrongfully and wilfully denied plaintiffs and others similarly situated coverage under FLSA and has wrongfully and wilfully withheld overtime compensation due such plaintiffs and others similarly situated by failing and refusing to pay them in accordance with FLSA for hours worked in excess of forty each week, by failing to compensate plaintiffs with FLSA overtime for FLSA travel status overtime hours, for regularly scheduled and administratively uncontrollable overtime, hazardous duty pay, for training performed outside their regular tours of duty, and otherwise

depriving them of overtime compensation to which they were entitled under FLSA, or otherwise.

**VIII. COUNT FOUR**

17. Plaintiffs incorporates herein by reference the allegations contained in paragraphs 1 through 16 above.

18. From at least 2004 and continuing to date the individual plaintiffs and others similarly situated have taken annual, sick, jury, injury, witness, administrative and military leave, paid holidays, excused absences and other similar paid absences which plaintiffs were entitled to enjoy under applicable federal laws and regulations without suffering a loss of, or reduction in, pay, including FLSA overtime compensation. Notwithstanding the foregoing, defendant denied plaintiffs such overtime compensation by failing to treat the foregoing periods of leave, holidays and paid absences as "time worked" for the purposes of computing such FLSA overtime compensation.

**IX. COUNT FIVE**

19. As a result of the wrongful and willful violations of law by defendant and its officers and agencies as alleged in the claims specified above, there is due and owing to the individual plaintiffs and others similarly situated various amounts of back pay, liquidated damages, interest, attorney's fees and costs.

20. Employment, time, work, pay, leave and other records for each individual plaintiffs and others similarly situated are in the possession, control, and custody of defendant and its officers and agencies, and plaintiffs are unable to state at this time the exact

amounts of pay, benefits, liquidated damages and interest which are due and owing to them with respect to their individual claims. Defendant and its officers and agencies are under a duty imposed by § 11(c) of FLSA, 29 U.S.C. § 211(c), and other statutes and regulations to maintain and preserve payroll and other employment records with respect to plaintiffs and others similarly situated from which the amounts of defendant's liability may be determined.

**WHEREFORE**, the plaintiffs, on their own behalves and on behalf of others similarly situated, pray that this Court:

a) Order defendant, subject to rules and regulations to be established by this Court which conform with FLSA and Title 5 of the U.S. Code, to conduct a full, complete and accurate accounting of all back overtime, premium and other pay, leave, holiday and excused and other paid absence compensation, and benefits, interest and liquidated damages due and owing to plaintiffs and others similarly situated as is sought herein from 2004 to a date which is not more than 30 days before the date on which the judgment herein is paid; and

b) Award plaintiffs and other similarly situated persons such back pay, leave, absence and holiday compensation, liquidated damages and interest under the Back Pay Act from the date of the denial of such pay and compensation until a date not more than 30 days before the date on which the judgment herein is paid, and costs, as are due and owing to them by defendant under applicable federal laws and regulations; and

c) Award plaintiffs' counsel reasonable attorney's fees to be paid by the defendant under FLSA, the Back Pay Act and the Equal Access to Justice Act; and

d) Grant to plaintiffs such other relief as may be just and proper.

Respectfully submitted,

Jules Bernstein (Counsel of Record)
Bernstein & Lipsett, P.C.
1920 L Street, N.W.
Suite 303
Washington, D.C. 20036
(202) 296-1798

OF COUNSEL:
Linda Lipsett

Edgar James
James & Hoffman
1101 17th Street, N.W.
Suite 510
Washington, D.C. 20036
(202) 496-0500

Attorneys for Plaintiffs

Dated: October 17, 2007

AND CONTINGENT FEE AGREEMENT

1. I have been an employee in with a law enforcement agency of the United States Government. I consent to be a plaintiff in a lawsuit brought on my behalf and on behalf of other persons against the United States asserting my rights under the Fair Labor Standards Act. My claims include but are not limited to the failure of the United States to pay me overtime compensation because I have been treated incorrectly as being exempt from FLSA coverage or otherwise not paid in accordance with Title 5 of the United States Code. Any of the plaintiffs in the lawsuit, jointly or severally, may serve as my representative.

2. I authorize the law firm of Bernstein & Lipsett, P.C. ("the Firm"), to represent me concerning my claims, including seeking back wages, liquidated damages, interest, attorney's fees and costs. The Firm (acting through Jules Bernstein, Linda Lipsett, and other attorneys authorized by them, including, at their discretion, Edgar James of the law firm of James & Hoffman, P.C.) may file this consent in court and take all necessary actions including the settlement and collection of any and all of my claims.

3. In consideration of the Firm's services, I agree that it shall receive 25% (twenty-five percent) of my recovery as a legal fee in addition to whatever statutory fees and costs they may be able to recover. I further agree, authorize and direct that any checks issued by the United States to me in connection with my claims shall be paid to the Firm as trustee on my behalf. After attorney's fees are deducted therefrom the balance shall be forwarded to me by the Firm. If the complaint and/or claims brought on my behalf result in no recovery, I will have no obligation to pay attorney's fees.

4. I understand that under Section 15(a)(3) of FLSA I cannot be discharged, disciplined, or otherwise penalized by my employer because of my having filed a FLSA lawsuit and/or claim.

**PLEASE TYPE OR PRINT CLEARLY**

AGREED: DATE: 10/5/2007

Name: Maria L. Gilbert

Signature: Maria L Gilbert

Home Address: 13168 S.W. 31st Street

Miramar FL 33027
City State Zip Code

Home Tel. No. (954) 431-3911

Work Tel. No. (954) 489-1782

AGREED: [signature]

Jules Bernstein

10/17/07

Linda Lipsett

Bernstein & Lipsett, P.C.
1920 L Street, N.W., Suite 303
Washington, D.C. 20036
(202) 296-1798

Date: 10/17/07

Cell Tel. No. (786) 493-3737

Home E-mail Address: mariaeco@aol.com

Work E-mail Address: maria.l.gilbert@usdoj.gov

Soc. Sec. No. 329640251

Indicate the agency by which you were employed during the years in question, the grade, the month your grade changed and the job title and occupational code. If retired, indicate retirement date.

| YEAR | AGENCY | GRADE | MONTH | JOB TITLE & OCC CODE |
|---|---|---|---|---|
| 2004 | | | | |
| 2005 | DEA | 9 | AUG | Diversion Investigator |
| 2006 | " | 11 | NOV | Diversion Investigator |
| 2007 | " | 11 | Current | Diversion Investigator |

2007 DI

CONSENT TO BE A CLAIMANT UNDER THE FAIR LABOR STANDARDS ACT ("FLSA")

AND CONTINGENT FEE AGREEMENT

1. I have been an employee in with a law enforcement agency of the United States Government. I consent to be a plaintiff in a lawsuit brought on my behalf and on behalf of other persons against the United States asserting my rights under the Fair Labor Standards Act. My claims include but are not limited to the failure of the United States to pay me overtime compensation because I have been treated incorrectly as being exempt from FLSA coverage or otherwise not paid in accordance with Title 5 of the United States Code. Any of the plaintiffs in the lawsuit, jointly or severally, may serve as my representative.

2. I authorize the law firm of Bernstein & Lipsett, P.C. ("the Firm"), to represent me concerning my claims, including seeking back wages, liquidated damages, interest, attorney's fees and costs. The Firm (acting through Jules Bernstein, Linda Lipsett, and other attorneys authorized by them, including, at their discretion, Edgar James of the law firm of James & Hoffman, P.C.) may file this consent in court and take all necessary actions including the settlement and collection of any and all of my claims.

3. In consideration of the Firm's services, I agree that it shall receive 25% (twenty-five percent) of my recovery as a legal fee in addition to whatever statutory fees and costs they may be able to recover. I further agree, authorize and direct that any checks issued by the United States to me in connection with my claims shall be paid to the Firm as trustee on my behalf. After attorney's fees are deducted therefrom the balance shall be forwarded to me by the Firm. If the complaint and/or claims brought on my behalf result in no recovery, I will have no obligation to pay attorney's fees.

4. I understand that under Section 15(a)(3) of FLSA I cannot be discharged, disciplined, or otherwise penalized by my employer because of my having filed a FLSA lawsuit and/or claim.

PLEASE TYPE OR PRINT CLEARLY

**AGREED:** DATE: 10/10/07

Name: Brian Rucker

Signature: Brian Rucker

Home Address: 20 Tin House Road
Medford, NJ 08055

City State Zip Code

Home Tel. No. (609) 714-2144

Work Tel. No. (215) 861-1708

Home E-mail Address: ruckermb@comcast.net

Soc. Sec. No. 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

**AGREED:** [signature]

Jules Bernstein

Linda Lipsett

Bernstein & Lipsett, P.C.
1920 L Street, N.W., Suite 303
Washington, D.C. 20036
(202) 296-1798

Date: 10/17/07

Cell Tel. No. ( )

Work E-mail Address:

Indicate the agency by which you were employed during the years in question, the grade, the month your grade changed and the job title and occupational code. If retired, indicate retirement date.

| YEAR | AGENCY | GRADE | MONTH | JOB TITLE & OCC CODE |
|---|---|---|---|---|
| 2004 | DEA | 12 | Nov. | Diversion Investigator (DI)/1801 |
| 2005 | DEA | 13 | — | DI/1801 |
| 2006 | DEA | 13 | — | DI/1801 |
| 2007 | DEA | 13 | — | DI/1801 |